IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| **SHAUNA VISSER,**  **Plaintiff,** v. **MILLER DEVELOPMENT COMPANY, INC. and MILLWOOD COMPANIES, L.C.,**  **Defendants.** | **MEMORANDUM DECISION AND ORDER**  **Case No. 2:07cv319**  **District Judge Ted Stewart**  **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Ted Stewart pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Miller Development Company, Inc. and Millwood Companies, L.C.'s (collectively, "Defendants") motion to amend the scheduling order.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

Defendants request that this court extend the fact discovery deadline by three days. On January 28, 2008, Defendants served their initial written discovery requests on Shauna Visser

---

[1] *See* docket no. 6.

[2] *See* docket no. 16.

("Plaintiff").  The discovery requests consisted of two interrogatories and six requests for the production of documents.  On February 28, 2008, the fact discovery cutoff date, Plaintiff objected to Defendants' discovery requests on the grounds that the requests were untimely.  Defendants acknowledge that rule 6(d) of the Federal Rules of Civil Procedure provided three additional days for Plaintiff to respond to the discovery requests, thus moving the time in which Plaintiff had to respond past the February 28, 2008 discovery cutoff date.  *See* Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service . . . 3 days are added after the period would otherwise expire under Rule 6(a).").

Based on the court's calculations, thirty days from the date Defendants served their discovery requests would have been February 27, 2008, one day before the fact discovery cutoff.  Adding three days to that date would have put the due date on Saturday, March 1, 2008.  Applying rule 6(a)(3) of the Federal Rules of Civil Procedure, Plaintiff's response would have been due Monday, March 3, 2008.  *See* Fed. R. Civ. P. 6(a)(3) ("Include the last day of the period unless it is a Saturday [or] Sunday . . . . When the last day is excluded, the period runs until the end of the next day that is not a Saturday [or] Sunday.").  Thus, Defendants missed timely serving their discovery requests by two business days and should have served their discovery requests by January 25, 2008, at the latest.

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion."  *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).  There are several factors that courts consider in determining whether discovery should be extended.  *See id.*  The factors are

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id*.

The court now turns to considering those factors as they relate to Defendants' instant motion. First, because the currently scheduled trial date is over four months away, trial is not imminent. Second, the court recognizes that Defendants' motion is opposed. Third, the court is not persuaded that Plaintiff will be unduly prejudiced by an extension of discovery. The requested discovery is not complex or particularly onerous as it consists of two interrogatories and six requests for the production of documents. Fourth, while the court is not convinced that Defendants have been particularly diligent in pursuing discovery, it is willing to afford Defendants the benefit of the doubt. Fifth, it is unclear whether it was foreseeable that Defendants might need additional time to complete discovery. Sixth and finally, Defendants have provided the court with an outline of the discovery they intend to undertake if their motion is granted, and the court is persuaded that there is a sufficient likelihood that said discovery will lead to relevant evidence.

For these reasons, the court concludes that amending the scheduling order in this case is appropriate. Therefore, Defendants' motion is **GRANTED**. Inasmuch as Plaintiff held Defendants' discovery requests for thirty days before filing her objections, Plaintiff has already

had ample time to consider the request. Accordingly, Plaintiff is **ORDERED** to respond to

Defendants' discovery requests within fifteen days from the date of this order.

**IT IS SO ORDERED.**

DATED this 1st day of July, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

4